## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARYL JOHNSON,

        Plaintiff,

    v.

J. FIENI, *et al.*,

        Defendants.

No. 4:23-CV-01315

(Chief Judge Brann)

## MEMORANDUM OPINION

### JULY 10, 2024

Plaintiff Daryl Johnson is currently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania (SCI Huntingdon).  He filed the instant *pro se* Section 1983[1] action claiming that officials at SCI Huntingdon violated his constitutional rights, primarily with regard to COVID-19 vaccination.  Many of Johnson's claims were dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim, but the Court permitted his retaliation claim against Corrections Officer J. Fieni to proceed.  Fieni now moves for judgment on the pleadings with respect to Johnson's requested relief of compensatory and punitive damages.  The Court will grant in part and deny in part Fieni's Rule 12(c) motion.

---

[1] 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.      STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) 'is analyzed under the same standards that apply to a Rule 12(b)(6) motion.'"[2]  Therefore, the court must "'view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party,' and may not grant the motion 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'"[3]  Additionally, as with a motion to dismiss under Rule 12(b)(6), the court may only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."[4]

## II.     DISCUSSION

Fieni argues that judgment on the pleadings must be granted in his favor as to Johnson's request for compensatory and punitive damages.  The Court will discuss each form of requested relief in turn.

### A.      Compensatory Damages

Compensatory damages may be awarded in a Section 1983 action "to compensate for actual injury suffered as a result of the violation of a constitutional

---

[2]     *Wolfington v. Reconstructive Orthopaedic Assocs.*, 935 F.3d 187, 195 (3d Cir. 2019) (quoting *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)).

[3]     *Id.* (quoting *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.6 (3d Cir. 2016)).

[4]     *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

right."[5]  Under the Prison Litigation Reform Act of 1995 (PLRA),[6] however, compensatory damages are not available to prisoners for mental or emotional injuries alone.  Rather, pursuant to 42 U.S.C. § 1997e(e), a prisoner cannot recover compensatory damages under Section 1983 for "mental or emotional injury" without first establishing "a prior showing of physical injury or the commission of a sexual act[.]"[7]

Johnson alleges that he was retaliated against by Fieni for exercising his Fourteenth Amendment rights in making an informed decision regarding medical care.  Notably, he does not allege that he suffered any physical injury from that retaliation.  Rather, he asserts only that he was issued a fabricated misconduct resulting in 30-days' detention in the RHU, suffered "extreme emotional distress," and lost commissary items.[8]  Thus, under the plain language of the PLRA, Johnson is unable to recover compensatory damages for his Section 1983 claim[9] and judgment must be granted in Fieni's favor as to that requested relief.

## B.    Punitive Damages

Although Johnson cannot pursue compensatory damages, he could theoretically still seek punitive damages for his Section 1983 claim.[10]  To

---

[5]    *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000).
[6]    42 U.S.C. § 1997e *et seq.*
[7]    42 U.S.C. § 1997e(e); *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003).
[8]    *See* Doc. 1 at 11.
[9]    *See Allah*, 226 F.3d at 250-51.
[10]    *See Mitchell*, 318 F.3d at 533.

constitute a basis for the imposition of punitive damages, a defendant's unlawful conduct must rise to the level of "callous" or "malicious" action or exhibit "evil motive or intent," or it must "involve[] reckless or callous indifference to the federally protected rights of others."[11]

According to Johnson, Fieni intentionally issued him a fabricated misconduct in retaliation for Johnson exercising his Fourteenth Amendment rights. These allegations, taken as true, may rise to the level of conduct that is recklessly indifferent to Johnson's federally protected rights. Thus, at this juncture, judgment on the pleadings regarding the availability of punitive damages cannot be granted in Fieni's favor. Fieni's Rule 12(c) motion in this respect will be denied.

## III.    CONCLUSION

Based on the foregoing, the Court will grant in part and deny in part Fieni's motion for judgment on the pleadings. An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[11] *See Springer v. Henry*, 435 F.3d 268, 281 (3d Cir. 2006); *Allah*, 226 F.3d at 251 (citing *Coleman v. Kaye*, 87 F.3d 1491, 1497 (3d Cir. 1996)).