IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARYL JOHNSON, | No. 4:23-CV-01315 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| J. FIENI, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

MAY 30, 2025

Plaintiff Daryl Johnson is currently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania (SCI Huntingdon). He filed the instant *pro se* Section 1983[1] action claiming that officials at SCI Huntingdon violated his constitutional rights during the COVID-19 vaccination process. His claims have been narrowed to a single Fourteenth Amendment retaliation claim against corrections officer J. Fieni. Presently pending is Fieni's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because Johnson fails to carry his Rule 56 burden, the Court will grant Fieni's motion for summary judgment.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.   FACTUAL BACKGROUND[2]

At all times relevant to the instant lawsuit, Johnson has been incarcerated at SCI Huntingdon.[3] In his complaint, he raised numerous constitutional claims regarding the COVID-19 vaccination process at this prison.[4] The Court carefully screened Johnson's complaint under 28 U.S.C. § 1915A(a) and dismissed all claims except his Section 1983 retaliation claim against Fieni.[5]

In that claim, Johnson alleged that in August 2021, Fieni unlawfully retaliated against him "for seeking to make an informed decision" regarding vaccination with the Janssen COVID-19 vaccine.[6] Specifically, he alleged that

---

[2]   Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* "Statements of material facts in support of, or in opposition to, a motion [for summary judgment] shall include references to the parts of the record that support the statements." *Id.* Fieni filed a properly supported statement of material facts. *See* Doc. 26. Johnson eventually responded to this statement, although he included his response within his opposition brief. *See* Doc. 36 at 1-4. Johnson's responses, however, are not supported by citations to the record and instead mostly contain argument or allegations. *See id.* The few record references he includes cite to defense exhibits that concern COVID-19 vaccine communication from corrections officials. *See id.* at 1, 2. Johnson's lack of citation to record evidence directly contravenes Local Rule 56.1. *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018) (explaining that Local Rule 56.1 "is essential to the Court's resolution of a summary judgment motion due to its role in organizing the evidence, identifying undisputed facts*, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence*." (emphasis added) (internal quotation marks and citations omitted)). Fieni's material facts, therefore, are deemed admitted unless properly rebutted by Johnson's counterstatements containing appropriate record citations. *See* LOCAL RULE OF COURT 56.1.
[3]   Doc. 26 ¶ 3.
[4]   *See generally* Doc. 1.
[5]   *See generally* Docs. 4, 5.
[6]   *See* Doc. 1 at 7, 10.

2

Fieni retaliated against him to punish him for asking questions, for slowing down the inmate-vaccination process, and to deter the other inmates watching "from doing the same."[7] The alleged retaliatory conduct included threatening to spray Johnson with pepper spray and then issuing a fabricated misconduct resulting in 30 days' detention in the Restricted Housing Unit (RHU).[8]

According to the misconduct report, Johnson was written up for using abusive or obscene language and for refusing to obey an order.[9] Johnson denied both charges,[10] but the hearing examiner found him guilty of the offenses by a preponderance of the evidence and sentenced him to 30 days' disciplinary confinement.[11] Johnson appealed to the Program Review Committee (the first level for a misconduct appeal), but that committee upheld the hearing examiner's decision.[12]

Johnson filed the instant Section 1983 case in this Court in August 2023.[13] Following discovery, Fieni moves for summary judgment on the remaining retaliation claim.[14] His Rule 56 motion is fully briefed and ripe for disposition.

---

[7]   *Id.* at 7.
[8]   *Id.* at 7, 10.
[9]   Doc. 26 ¶ 10; Doc. 26-2 at 4.
[10]  *See* Doc. 26-2 at 2.
[11]  *Id.* at 3.
[12]  *Id.* at 1, 2.
[13]  *See generally* Doc. 1.
[14]  Doc. 25.

## II.   STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[15]  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16]  Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[17]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[18]  The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[19]  This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[20]  A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury

---

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[16] Fed. R. Civ. P. 56(a).
[17] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[19] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[20] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).

could reasonably find for the [nonmovant]."[21]  Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[22]

## III.  DISCUSSION

Fieni argues that Johnson's retaliation claim fails for multiple reasons, including failure to exhaust administrative remedies, failure on the merits, and preclusion from liability by qualified immunity.  The Court need only address the latter two arguments.[23]

### A.  Fourteenth Amendment Retaliation Claim

Johnson claims that he was retaliated against for exercising his Fourteenth Amendment right to make an informed decision as to whether to be vaccinated with the Janssen COVID-19 vaccine.  To establish a Section 1983 retaliation claim, a plaintiff must show that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) the plaintiff's protected conduct was a "substantial or motivating factor" in the prison

---

[21] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).

[22] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

[23] Because Johnson has not carried his Rule 56 burden with respect to the merits of his claim or as to qualified immunity, the Court need not wade into the murky waters surrounding exhaustion of administrative remedies when an inmate claims that he was retaliated against by being issued a fabricated misconduct.  See *Grisby v. McBeth*, 810 F. App'x 136, 138 n.1 (3d Cir. 2020) (nonprecedential) (noting that there is a "serious question" whether administrative remedies are available to exhaust prisoner retaliation claims based on adverse action of misconduct charge).

officials' decision to take the adverse action.[24]

There are a variety of ways to establish causation for a retaliation claim. One method is to show "unusually suggestive" timing between the protected conduct and the adverse action.[25] When a plaintiff relies solely on circumstantial evidence of temporal proximity, the time between the protected conduct and the adverse action is often measured in days rather than weeks or months.[26] However, there is no "bright line rule limiting the length of time that may pass between a plaintiff's protected [conduct] and an actionable retaliatory act by a defendant."[27] Another approach is to demonstrate "a pattern of antagonism coupled with timing."[28] Finally, causation can be inferred "from the evidence gleaned from the record as a whole."[29] Logically, a plaintiff asserting retaliation "will have to show . . . that the decision maker had knowledge of the protected activity[.]"[30]

If a prisoner-plaintiff can establish a *prima facie* retaliation case, the burden shifts to the defendant or defendants to show that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate

---

[24] *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).
[25] *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).
[26] *See Conard v. Pa. State Police*, 902 F.3d 178, 184 (3d Cir. 2018).
[27] *Id.*
[28] *DeFlaminis*, 480 F.3d at 267.
[29] *Watson v. Rozum*, 834 F.3d 417, 424 (3d Cir. 2016) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)).
[30] *Moore v. City of Philadelphia*, 461 F.3d 331, 351 (3d Cir. 2006) (citation omitted).

penological interest."[31]  This is often referred to as the "same decision defense."[32]

Fieni does not contest any element of Johnson's *prima facie* retaliation case. Instead, he maintains that Johnson has failed to rebut his same decision defense.[33] The Court agrees.

Fieni issued the misconduct against Johnson for using abusive or obscene language and for refusing to obey an order.[34]  Specifically, Fieni asserted that Johnson had refused his initial order to "go to center" and had stated, "What the fuck is your problem" to Fieni several times during the incident.[35]  The hearing examiner reviewed the video footage of the incident, considered both parties' version of events, and found that a preponderance of the evidence supported a finding that Johnson had committed the charged offenses.[36]  Johnson appealed to the Program Review Committee, but that body upheld the hearing examiner's decision.[37]  Johnson did not further administratively appeal the misconduct.[38]

At the Rule 56 stage, Johnson has not provided *any* evidence to counter Fieni's defense that he issued the misconduct to Johnson for legitimate penological purposes.  Although Johnson disagrees with Fieni's version of events,[39] he has not

---

[31] *Watson*, 834 F.3d at 422 (quoting *Rauser*, 241 F.3d at 334).
[32] *Id.*
[33] *See* Doc. 27 at 12-14; Doc. 37 at 3.
[34] *See* Doc. 26 ¶¶ 6-9; Doc. 26-2 at 4.
[35] Doc. 26-2 at 3, 4.
[36] *Id.* at 3.
[37] *Id.* at 1-2.
[38] Doc. 26 ¶ 5; Doc. 26-8 at 1.
[39] *See* Doc. 36 at 2-3.

proffered any competent evidence to support this alleged factual dispute. Johnson has not, for example, filed a declaration or affidavit, nor has he pointed to record evidence that would substantiate his bare allegations.[40]

Thus, because a quantum of record evidence supports the guilty findings for the disciplinary charges, which evidence Johnson has not countered, Johnson has failed to rebut Fieni's same decision defense. Put differently, because the hearing examiner and the Program Review Committee found that Johnson had violated several prison rules and Johnson has not rebutted that evidence, Johnson's retaliation claim fails "because the misconduct charges are supported by the evidence"[41] and Johnson has not proffered countervailing evidence that the misconduct was issued in retaliation for protected conduct "and not in furtherance of legitimate penological goals."[42] Without such critical rebuttal evidence, Johnson's retaliation claim cannot proceed beyond summary judgment.[43]

### B. Qualified Immunity

Assuming, only for the sake of argument, that Johnson could move his Fourteenth Amendment retaliation claim past summary judgment, Fieni

---

[40] *See* FED. R. CIV. P. 56(c)(1), (e)(2). Johnson mentions video footage, (*see* Doc. 36 at 3 ¶ 11; *id.* at 6-8), but he has not submitted or even attempted to submit any video evidence during summary judgment proceedings. The Court, therefore, is unable to review or rely on such evidence.
[41] *Watson*, 834 F.3d at 425 (citing *Carter v. McGrady*, 292 F.3d 152, 159 (3d Cir. 2002)).
[42] *Id.*
[43] *See id.* at 431 (Ambro, J., concurring) (noting that, "[w]ith *the right evidence*," the presumption that the same decision defense applies when there is a "legitimate prison disciplinary report" can be rebutted (emphasis added)).

8

alternatively contends that liability for such a claim is barred by qualified immunity. Johnson fails to respond to this argument. The Court is thus constrained to conclude that qualified immunity applies.

Qualified immunity shields state officials from money damages unless a plaintiff establishes that (1) "the official violated a statutory or constitutional right," and (2) "the right was 'clearly established' at the time of the challenged conduct."[44] The Court has "discretion to decide which of the two prongs of qualified-immunity analysis to tackle first."[45]

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would [have understood] that what he is doing violates that right.'"[46] "[C]learly established rights are derived either from binding Supreme Court and Third Circuit precedent or from a 'robust consensus of cases of persuasive authority in the Courts of Appeals.'"[47] Clearly established law may not be defined "at a high level of generality."[48] Rather, "[t]he dispositive question is whether the violative nature of *particular* conduct is clearly established."[49] Finally, "[w]here a defendant asserts a qualified immunity defense in a motion for

---

[44] *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted).
[45] *Id.*
[46] *Id.* at 741 (alterations in original) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).
[47] *Bland v. City of Newark*, 900 F.3d 77, 84 (3d Cir. 2018) (quoting *Fields v. City of Philadelphia*, 862 F.3d 353, 361 (3d Cir. 2017)).
[48] *Mullenix v. Luna*, 577 U.S. 7, 12 (2015).
[49] *Id.* (internal quotation marks omitted) (quoting *al-Kidd*, 563 U.S. at 742).

summary judgment, the plaintiff bears the initial burden of showing that the defendant's conduct violated some clearly established statutory or constitutional right."[50]

Fieni asserts that Johnson's claim is barred by qualified immunity because he cannot demonstrate that the constitutional right which he contends was violated was clearly established at the time of the incident. That right, defined "in light of the specific context" of this case,[51] is the right to be free from retaliation by a corrections officer issuing a fabricated misconduct in response to an inmate asking questions to a healthcare provider in order to make an informed decision to take or refuse medical treatment.[52]

Johnson has not carried his summary judgment burden of showing that the right at issue was clearly established at the time of the incident. Most notably, he has not responded to Fieni's qualified immunity argument at all. Johnson's abbreviated response consists of a single sentence quoting a district court case discussing sovereign immunity for state-law intentional torts, not qualified

---

[50] *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997) (citations omitted).
[51] *See Mack v. Yost*, 63 F.4th 211, 228 (3d Cir. 2023) (noting that first step for "clearly established" qualified-immunity prong is to "define the right allegedly violated at the appropriate level of specificity").
[52] Fieni defines the right at issue as "the right to not receive a misconduct when using obscene language towards medical staff and refusing to obey an order." Doc. 27 at 16; Doc. 37 at 4. This purported phrasing, however, misses the gravamen of Johnson's Fourteenth Amendment retaliation claim.

immunity for Section 1983 claims.[53] This irrelevant sentence and citation are entirely insufficient at the Rule 56 stage to respond to Fieni's defense of qualified immunity.

Additionally, the Court has not independently discovered precedent from the United States Supreme Court or the Third Circuit that places the constitutional question "beyond debate."[54] The closest analogous case appears to be *White v. Napolean*.[55] However, in that case, the inmate's retaliation claim involved being issued a disciplinary charge by a prison physician for refusing to cooperate with prescribed treatment after being denied information reasonably necessary to make an informed decision regarding that proposed treatment.[56] That situation is materially different than the circumstances alleged by Johnson, who claims that a corrections officer issued him a retaliatory misconduct (1) for asking questions to a healthcare provider, (2) for slowing down the inmate-vaccination process, and (3) to deter the other inmates watching from doing the same.

Thus, even if Johnson's allegations were presumed true, he has not shown that Fieni's alleged conduct violated clearly established law. That burden is Johnson's to bear, and he has not done so. Accordingly, all claims for monetary

---

[53] *See* Doc. 36 at 8-9 (quoting *Angle v. Smith*, No. 1:22-cv-00033, 2023 WL 2873255, at *8 (W.D. Pa. Feb. 7, 2023) (report and recommendation)).
[54] *Mullenix*, 577 U.S. at 11.
[55] 897 F.2d 103 (3d Cir. 1990).
[56] *See id.* at 106, 111, 113-14.

damages against Fieni are barred qualified immunity.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Fieni's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge